The Honorable Sheila Frahm State Senator, Fortieth District 985 S. Range Colby, Kansas 67701
Dear Senator Frahm:
As senator for the fortieth district and on behalf of the Kansas association of conservation districts you inquire whether a governmental entity can take rights to lands that are presently under an easement to another state agency. You indicate that a watershed district, organized pursuant to K.S.A. 24-1201 et seq., wants to condemn property under an easement to the Kansas department of wildlife and parks, pursuant to K.S.A. 1992 Supp. 32-807.
A watershed district is authorized to exercise the right of eminent domain in general terms. K.S.A. 24-1209. However this general right of eminent domain does not authorize the condemnation of property already devoted to public use if such condemnation will destroy or substantially interfere with the present public use. 29A C.J.S. Eminent Domain sec. 62 Easements (1965); McQuillin Municipal Corporations sec. 32.67 (3d ed., 1991). In other words, generally, property devoted to a public use is subject to eminent domain, provided the second public use does not interfere with or is not inconsistent with the first use.
The watershed district proposes to condemn the property in question in order to build a flood prevention structure. This second public use will not only be inconsistent with, but will destroy the property's current use. The watershed district cannot under its general eminent domain powers destroy the property's existing use. The power to destroy an existing public use must be found in specific legislative authorization.City of Norton v. Lowden, 84 F.2d 663, 665 (10th Cir. 1936). McQuillin, Municipal Corporations supra; see also Attorney General Opinion No. 91-51. In order to determine whether the watershed district has specific statutory authorization to destroy the existing public use by condemning the property in question, we must first examine the nature of the existing public use.
The existing public use of the property involves an easement granted to the Kansas department of wildlife and parks on June 16, 1992. This state agency holds the easement pursuant to K.S.A. 1992 Supp. 32-807. The deed of easement authorizes the department to acquire the property interest for the purpose of wildlife management and preservation of natural areas. It was granted with the intent that the property be retained forever in its natural condition and to prevent any use of the property that would significantly impair or interfere with the natural values of the property. (A "Grant of Natural Area Protection Easement Deed" pp. 1-2).
Easements granted for the protection of natural areas are governed by the uniform conservation easement act K.S.A. 1992 Supp. 58-3810 et seq.See K.S.A. 1992 Supp. 58-3810(a). The act applies to any interest created after the act's effective date which complies with the act regardless of whether the property interest is designated a conservation easement or covenant, equitable servitude, restriction, easement or otherwise. K.S.A. 1992 Supp. 58-3814(a). The act is also applicable to any interest created before its effective date if enforceable after its effective date, so long as retroactive application of the act does not contravene the constitution or laws of this state or the United States. K.S.A. 1992 Supp. 58-3814(b). In compliance with the act and enforceable after the act's effective date, the easement in question is governed by the act, as retroactive application does not contravene the constitution or laws of the State or the United States.
The uniform conservation easement act gives precedence to the rights of a watershed district over easement rights upon property that watershed structures are to be located. K.S.A. 1992 Supp. 58-3816 states:
 "Nothing in this act shall be construed so as to impair the rights of a public utility or city with respect to the acquisition of rights-of-way, easements or other property rights, whether through voluntary conveyance or eminent domain, upon which facilities, plants, systems or other improvements of a public utility or city are located or are to be located or so as to impair the rights of a watershed district under K.S.A. 24-1201 et seq. and amendments thereto with respect to rights-of-way, easements or other property rights upon which watershed structures are located or are to be located." (Emphasis added).
The statute above provides the specific statutory authorization and evidences a clear legislative intent to give precedence to the utilization of water resources by a watershed district. See 26 Am.Jur.2dEminent Domain sec. 132 (1966) (questions of public policy are legislative not judicial). Accordingly, it is our opinion that the watershed district has specific statutory authority to substantially interfere with or destroy the existing public use of a conservation easement provided to an agency over property upon which watershed structures are to be located. We note that the easement's termination as a constitutional matter raises the question of compensation to the holder. This question is, however, beyond the scope of this opinion.See 3 Powell on Real Property Conservation Easements sec. 430.7(2) (1993); City of Wichita v. Unified School District No. 259, 201 Kan. 110,114 (1968); see also 26 Am.Jur.2d Eminent Domain sec. 178 (1966).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm